Dear Mr. Speed:
This office is in receipt of the recent request of the Tangipahoa Parish Council-President Government for an Attorney General's opinion as to whether or not the document enclosed with the request and entitled Tangipahoa Parish Subdivision Regulations,Revised 2-9-2004 (hereinafter "the document") qualifies as a master plan document pursuant to the provisions of La.R.S.33:106.
Our response is as follows:
As stated on Page 1 of the document, it was adopted by the Planning Commission and the Parish Council in accordance with the provisions of La.R.S. 33:112, which provides for the adoption of subdivision regulations. The document sets out specific requirements for the development of subdivisions within the parish, including requirements for such things as drainage, blocks, lots, sewage, water lines, and related construction. The document appears to satisfy the requirements of R.S. 33:112; however that statute deals only with subdivision restrictions and not with a parish master plan.
The requirements for a parish master plan are contained in La.R.S. 33:106, which provides, in pertinent part, that:
 A parish planning commission shall make and adopt a master plan for the physical development of the unincorporated territory of a parish.
* * *
 Such plan, with the accompanying maps, plats, charts, and descriptive matter shall show a commission's recommendations for the development of the parish or municipality, as the case may be, including, among other things, the general location, character, and extent of railroads, highways, streets, viaducts, subways, bus, street car and other transportation routes, bridges, waterways, lakes, water fronts, boulevards, parkways, playgrounds, squares, parks, aviation fields, and other public ways, grounds, and open spaces; the general location of public buildings, schools, and other public property; the general character, extent and layout of public housing and of the replanning of blighted districts and slum areas; the general location and extent of public utilities and terminals, whether publicly or privately owned or operated, for water, light, sanitation, communication, power, transportation and other purposes; and the removal, relocation, widening, narrowing, vacating, abandonment, change of use or extension of any of the foregoing ways, grounds, open spaces, buildings, property, utilities, or terminals; as well as, in the case of a parish planning commission, a zoning plan for the control of the height, area, bulk, location, and use of the buildings and premises in urban areas or areas suitable for urbanization outside municipal limits. As the work of making the whole master plan progresses, a commission may from time to time adopt and publish a part or parts thereof, any such part to cover one or more major sections or divisions of the parish or municipality, as the case may be, or one or more of the aforesaid or other functional matters to be included in the plan. A commission may from time to time amend, extend, or add to the plan.
A master plan must contain all of the elements specified above, so that it can serve its purpose as a comprehensive guide to the future development of the entire parish, including not only subdivisions, but the creation, improvement or expansion of schools, government buildings, sanitation systems, water works, public utilities, highways, railroads, and other works.
The document submitted by the parish government satisfies none of the listed requirements of R.S. 33:106, cannot be used as a planning tool for the future development of the parish, and serves no purpose other than its intended use as a set of minimum requirements for the development of subdivisions.
The document does not qualify as a master plan under R.S. 33:106.
If we may be of further assistance, please do not hesitate to contact the undersigned.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ______________________
 TERRY F. HESSICK Assistant Attorney General
CCF, JR./TFH; mjb